UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHAN ROLLINS (#131530)                                              CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                             NO. 07-0463-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 18th day of March, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHAN ROLLINS (#131530)                                         CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                        NO. 07-0463-RET-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Partial Summary Judgment, rec.doc.no. 17, and Motion to Dismiss, rec.doc.no. 18. These motions are opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Classification Officer John B. Joseph, Lt. Col. Jimmy Smith, and former Secretary Richard L. Stalder, complaining that the defendants violated his constitutional rights by assigning him to Camp J upon his arrival at LSP, notwithstanding that he was not first charged with or found guilty of any rule violation or disciplinary infraction.

Initially, it is unclear from the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, and

addressing first the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal under this Rule if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, __ U.S. __, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that he was transferred to LSP from Rayburn

Correctional Center on July 5, 2006, and was at that time assigned to be housed in maximum security extended lockdown at Camp J at LSP. He complains that the reasons given for his assignment to Camp J, which reason was supplied after an initial classification review hearing held by defendants John Joseph and Jimmy Smith outside of the plaintiff's presence, were the "original reason for lockdown & serious rule violation." He claims that this assignment was improper because Camp J at LSP is designated as a punitive and onerous housing assignment and is only appropriate for inmates who have been found guilty of disciplinary rule infractions at the prison. He asserts, therefore, that inasmuch as he was not initially found guilty of any rule infractions at LSP, his assignment to Camp J was improper. Although he acknowledges that he had in fact been found guilty of introducing contraband into a prior facility in 2004 and of battery upon a correctional officer in 2005, he asserts that he served disciplinary sentences for these offenses at the prior facility and was awaiting transfer from maximum security to medium security dormitory housing when he was transferred to LSP.

Initially, whereas the plaintiff has named defendants Burl Cain and Richard Stalder as defendants herein, the Court finds that the plaintiff has failed to make sufficient factual allegations against these defendants. In this regard, pursuant to well-established legal principles, the law is clear that in order for a prison official to be held liable under § 1983, the official must have been either personally involved in actions causing the alleged deprivation of an inmate's constitutional rights, or there must have been a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendants Cain and Stalder are responsible for the conduct of their subordinates or co-employees is alone insufficient to state a claim against them under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, any claim that these defendants are liable because of their alleged failure to act in response to the plaintiff's administrative grievance is also insufficient to state a claim of constitutional dimension.

See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Accordingly, in the absence of any suggestion in the record that defendants Cain and Stalder were personally involved in the conduct complained of by the plaintiff, there is no basis for the imposition of liability against these defendants, and they are entitled to dismissal from this proceeding.

Turning to the plaintiff's claims asserted against the remaining defendants, the Court finds that these claims fail to rise to the level of constitutional violations. The classification of prisoners is a matter left to the sound discretion of prison officials, Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983), and prison officials are granted broad administrative and discretionary authority over the institutions they manage and the lawfully incarcerated persons under their control. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). So long as the conditions and degree of confinement are within the sentence imposed on an inmate and do not otherwise violate the Constitution, the due process clause does not itself subject a prison official's treatment of an inmate to judicial oversight. Hewitt, 459 U.S. 468, 103 S.Ct. at 869. Further, where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. McCord v. Maggio, 910 F.2d 1248 (5th Cir. 1990). Finally, the plaintiff, as a convicted felon, is not a member of any suspect class. See Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir. 1989). Therefore, the Court need only apply a rational basis test to determine whether assigning him to and maintaining him at his current custody classification is reasonably related to the achievement of legitimate penological objectives.

This test is met in the instant case. Specifically, as previously noted, the plaintiff was not entitled to any particular classification upon his transfer to LSP in July, 2006. Further, as acknowledged by the plaintiff, the reason given for his initial classificaiont to a segregated housing unit was because, in the past, he had committed a battery upon a security officer and had introduced illegal contraband into a prison environment. For this reason, prison officials determined

that placement of the plaintiff in a restrictive environment at LSP was appropriate, and the Court will not second-guess this determination.[1] Accordingly, the Court concludes that the plaintiff's claim is frivolous as a matter of law and should be dismissed. See Wilkerson v. Stalder, 329 F.3d 431 (5th Cir.), cert. denied, 540 U.S. 966, 124 S.Ct. 432, 157 L.Ed.2d 310 (2003) (where confinement of inmate to extended lockdown was based upon initial classification and review of past history, no due process right was implicated).

Further, in the alternative, to the extent that the plaintiff contends that his constitutional right to due process has been violated by the failure of the defendants to provide him with a hearing prior to his assignment to Camp J and by their continuing to maintain him at that location during periodic review of his custody status, this claim is precluded by the rule set forth in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the United States Supreme Court noted that while in rare situations, an inmate may claim entitlement to procedural due process in connection with prison disciplinary proceedings, such entitlement comes into play only where the state action has exceeded the inmate's sentence in such an unexpected way as to give rise to the protection of the Due Process clause of the United States Constitution. See, e.g., Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital); Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (involuntary administration of psychotropic drugs). Normally, however, the Due Process Clause does not afford an inmate a protected liberty interest in any particular procedures attendant to prison disciplinary proceedings or administrative hearings that would entitle him to the protections set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). As stated in Sandin, it is only those restrictions which impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. Thus, while

---

[1] Further, to the extent that the plaintiff suggests that prison regulations were not followed in classifying him to Camp J, this claim is not one of a constitutional violation. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989).

Sandin made it clear that punishments which impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or which impose "atypical and significant hardship[s]", will give rise to the protection of the Due Process Clause, more routine disciplinary procedures or determinations will not invoke this constitutional protection. Thus, the plaintiff's claim in the instant case that prison officials have not afforded him appropriate due process during his initial classification to Camp J and during periodic review hearings may not be seen to infringe upon any constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. Cf., Wilkerson v. Stalder, supra (potential due process claim existed where inmates's confinement in extended lockdown exceeded a period of thirty (30) years).

The plaintiff next asserts that the defendants, by their actions, are retaliating against him for his past actions. This claim is not one of constitutional dimension. Whereas the First Amendment to the United States Constitution precludes the taking of action against an inmate plaintiff for seeking non-frivolous redress of grievances, see, e.g., Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997), the plaintiff has not alleged in his Complaint that the defendants have undertaken to do so. All that the plaintiff has alleged in the Complaint is that the defendants have taken adverse action against him because of his past disciplinary violations.[2] There is nothing in the Constitution, however, which prohibits a correctional officer from evaluating an inmate's past disciplinary history in determining an appropriate custody level and housing location. Accordingly, the plaintiff's claim that the defendants have retaliated against him for his prior conduct is not a claim cognizable under § 1983.

Finally, a review of the Complaint reflects that, other than allegations of general dissatisfaction with his classification to extended lockdown, the plaintiff makes no assertion that he

---

[2] Whereas the plaintiff sought leave to amend his Complaint to allege that the defendants have retaliated against him since the filing of his original Complaint, the Court denied the plaintiff leave to do so. See rec.doc.nos. 5 and 10.

has suffered any actual injury or physical ill-effects as a result thereof. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of actual injury or harm, the plaintiff has failed to allege a claim which amounts to a constitutional violation. For this reason as well, the plaintiff's claims must be dismissed.[3]

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss, rec.doc.no. 18, be granted, dismissing the plaintiff's claims asserted herein, with prejudice. It is further recommended that the defendants' Motion for Partial Summary Judgment, rec.doc.no. 17, be denied as moot, and that this action be dismissed.

Baton Rouge, Louisiana, this 18th day of March, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

---

[3] Inasmuch as the Court has concluded that the defendants' motion to dismiss should be granted, dismissing the plaintiff's claims with prejudice, it is unnecessary for the Court to address the defendants' pending motion for summary judgment, and this motion should be denied as moot. The Court notes, however, that in the defendants' motion for summary judgment, the defendants refer to the plaintiff's Complaint as including claims of "failure to protect and/or insure safety, malfeasance in office and violation of ACA Standard Nos. 4-4132 - 4253 and 4-4295 - 4303". The Court does not interpret the plaintiff's Complaint as asserting these claims and, accordingly, these claims will not be addressed.